<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLEOTILDE A. GOMEZ a/k/a/ CLEOTILDE A. GOMEZ DE JIMINEZ,<br><br>                            Plaintiff,<br>v.<br><br>ABM JANITORIAL SERVICES NORTHEAST, INC.,<br><br>                            Defendant. | Civil Action No. 15-2088 (SRC)(CLW)<br><br>**OPINION** |

<u>**CHESLER**</u>, District Judge

      This matter comes before the Court upon Defendant ABM Janitorial Services Northeast, Inc.'s ("ABM") motion for summary judgment [Docket Entry 23]. *Pro se* Plaintiff Cleotilde A. Gomez ("Gomez") has opposed the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant ABM's motion.

    **I.**    **BACKGROUND**

      ABM provides maintenance, janitorial, and other services, and was party to a contract for janitorial services with the Paterson School District. (Defendant's Statement of Undisputed Material Facts ¶¶ 1-2 [hereinafter SUF].) Gomez worked for ABM as a custodian in the Paterson School District from March 2011 to July 2014. (SUF ¶¶ 3, 6-7.) Gomez, along with all other custodians employed by ABM in the Paterson School District, was a member of the International Union of Operating Engineers, Local 68-68A-68B, AFL-CIO ("the Union"). (SUF ¶ 4.) The Union and ABM were parties to a collective bargaining agreement that governed the terms and conditions of Gomez's employment. (SUF ¶ 5.)

Gomez's job duties included cleaning and upkeep of a specific area in a school building. (SUF ¶ 8.)  In particular, her job required the performance of the following tasks, most of which require heavy lifting:  vacuuming, sweeping, and wet mopping various locations in the school; lifting and moving desks, chairs and tables; washing chalkboards and whiteboards; cleaning window sills; distributing boxes of copy paper and other deliveries; taking out waste; cleaning restrooms; and shoveling snow when needed.  (SUF ¶¶ 9-10.)

On or around January 23, 2014, Gomez reported to her ABM supervisor that she had pain and numbness in her left arm and hand.  (SUF ¶ 11.)  She said that the pain began when she was shoveling snow as part of her work duties earlier that day.  (*Id.*)  Gomez then visited an emergency room to seek treatment for her left arm and hand.  (SUF ¶ 12.)  She was released after the treating doctor found that she was "likely having symptoms secondary to overuse at work due to the limited ability with her injured right arm," an injury for which she had sought workers' compensation benefits in October 2012.  (SUF ¶ 14.)

On or around January 25, 2014, Gomez submitted a doctor's note to ABM that imposed a medical restriction for heavy lifting—Gomez was not permitted to lift more than 5-10 pounds with her right arm.  (SUF ¶¶ 15-16.)  The doctor's note indicated that the restriction on Gomez's activities was expected to last until August 2014 or longer.  (*Id.*)  Gomez's injury was reported as a workers' compensation injury, since it occurred at work.  (SUF ¶ 13.)  Since almost all of Gomez's job duties required her to lift more than five pounds, and no non-custodial positions were available, ABM could not accommodate Gomez's restriction by modifying her job duties, and instead Gomez was placed on an unpaid medical leave of absence.  (SUF ¶¶ 17-18.)  ABM informed Gomez multiple times, in Spanish, that the restriction would be lifted when Gomez produced a doctor's note without a lifting restriction that prevented her completion of her job

duties, and further clarified with Gomez that she had not been discharged from her employment with ABM.  (SUF ¶¶ 18-21.)  Gomez never submitted a doctor's note to ABM that either removed the lifting restriction, or modified the restriction such that Gomez could complete her job duties.  (SUF ¶ 22.)

While Gomez was on approved medical leave, ABM lost the janitorial contract for the Paterson School District, effective June 30, 2014.  (SUF ¶¶ 23-24.)  ABM discharged all custodians working in the Paterson School District under that contract, including Gomez, effective June 30, 2014.  (SUF ¶¶ 25-26.)  The Union never filed a grievance regarding the termination of Gomez or any other custodian whose employment was terminated as a result of the loss of the Paterson School District contract.  (SUF ¶ 27.)

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the

3

essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring the nonmoving party to "set out specific facts showing a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### III. ANALYSIS

Gomez has raised two claims: (1) disability discrimination; and (2) retaliation based on her filing of a workers' compensation claim. The Court will examine each claim in turn.

#### a. CLAIM FOR DISABILITY DISCRIMINATION

The NJLAD prohibits discrimination and unlawful employment practices against individuals on the basis of any present or past disability. N.J.S.A. 10:5-4.1. A plaintiff may establish an NJLAD claim by presenting either direct evidence of discrimination or indirect evidence. *Monaco v. Am. Gen. Assur. Co.,* 359 F.3d 296, 300 (3d Cir. 2004). When the plaintiff relies on indirect evidence, courts apply the three-step burden-shifting test set forth initially in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later modified:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (internal citations and quotation omitted).

Therefore, Gomez must initially establish a *prima facie* claim of discriminatory termination from employment under the NJLAD for an actual or perceived disability. To do so, she must prove that (1) she was disabled (or perceived to be disabled by her employer); (2) she was objectively qualified for her former position; (3) she was terminated; and (4) the employer sought someone to perform the same work after Gomez was discharged. *Zive v. Stanley Roberts,*

*Inc.*, 182 N.J. 436, 450 (2005); *Clowes v. Terminix Int'l, Inc.*, 109 N.J. 575, 597 (1988).  This initial burden is not onerous. *See Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006) ( "[T]here is a low bar for establishing a prima facie case of employment discrimination. . . . . the prima facie case is easily made out") (internal citations and quotation marks omitted). The NJLAD defines disability broadly to include any "physical disability [or] infirmity . . . which is caused by bodily injury . . . or illness."  N.J.S.A. 10:5-5(q); *Viscik v. Fowler Equip. Co.*, 173 N.J. 1, 15-16 (2002).

If Gomez can meet the threshold burden, the burden "shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action."  *Viscik*, 173 N.J. at 15.  If an employer articulates a nondiscriminatory justification, the plaintiff may rebut it as pretextual "by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1108 (3d Cir. 1997) (internal citation and quotation marks omitted).

ABM asserts that Gomez has not made out a *prima facie* case of disability discrimination, given that she was not qualified to perform essential elements of her custodial job after the medical lifting restriction was put in place, and the doctor's note indicated that Gomez would not be qualified to return to work until August 2014 at the earliest.  Gomez attempts to dispute these facts by arguing that she was, in fact, qualified to lift 15 pounds, and furthermore that her custodial job duties did not require lifting such that she would be in violation of her medical restriction.  (Opp. at ¶¶ 9, 10, 16.) These assertions are in direct conflict with the clear restrictions on lifting more than 5-10 pounds laid out in the doctor's note Gomez submitted to

6

ABM.  The Court finds that Gomez was no longer qualified for her custodial job in January 2014, due to her medical lifting restriction, and therefore Gomez cannot make out a *prima facie* case of disability discrimination.

Even if Gomez had made out a *prima facie* case of disability discrimination, ABM has offered evidence to show that all custodians working under the ABM contract in the Paterson School District were discharged on June 30, 2014, because ABM's contract with the Paterson School District had not been renewed.  Gomez has not submitted evidence such that a reasonable finder of fact could disbelieve ABM's justification for the termination of Gomez and all of her coworkers in the Paterson School District, or that Gomez was somehow singled out for termination based on her disability, since all of her coworkers were also terminated.

Gomez has failed to present evidence on the record sufficient to defeat summary judgment on her disability discrimination claim.  For the reasons discussed above, the Court will grant summary judgment for ABM on this claim.

### b. CLAIM FOR WORKERS' COMPENSATION DISCRIMINATION

Gomez also alleges that ABM illegally retaliated against her for filing a workers' compensation claim.  Under the New Jersey Workers' Compensation Act, it is unlawful for an employer "to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer." *See* N.J.S.A. 34:15-39.1.  Employees who have been discharged for seeking and obtaining workers' compensation benefits may bring a cause of action for retaliatory discharge. *See, e.g., Lally v. Copygraphics,* 85 N.J. 668, 670 (1981).

Workers' compensation retaliation claims follow the burden-shifting framework established in *McDonnell Douglas*. Under that framework, the plaintiff must first establish a

7

*prima facie* case of discriminatory retaliation.  To do so, Gomez must demonstrate that: (1) she attempted to make a claim for workers' compensation benefits; and (2) she was discharged for making that claim.  *Id.* at 668-70.

If Gomez can meet her initial burden, ABM must articulate a legitimate, non-retaliatory reason for the adverse action.  *Young v. Hobart W. Grp.*, 385 N.J. Super. 448, 465 (N.J. Super. Ct. App. Div. 2005).  Then, "the plaintiff must come forward with evidence of a discriminatory motive of the employer, and demonstrate that the legitimate reason was merely a pretext for the underlying discriminatory motive."  *Id.* (internal quotation omitted).

Gomez filed a claim for workers' compensation benefits in October 2012 based on the injuries to her right arm, and her left arm injury on January 23, 2014 was also reported as a workers' compensation injury.  ABM terminated Gomez's employment on June 30, 2014.  The issue in dispute based on these facts is whether ABM terminated Gomez's employment because she filed claims for workers' compensation benefits.

The Court finds that Gomez has failed to make out a *prima facie* case, because she has not established a causal connection between her workers' compensation claims and an adverse employment decision.  "To demonstrate a causal connection, a plaintiff generally must show 'either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism, coupled with timing[,] to establish a causal link.'"  *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (quoting *Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).  Gomez has shown no evidence of antagonism by ABM.  Furthermore, ABM offers evidence to show that Gomez was, in fact, terminated on June 30, 2014, along with all of her coworkers in the Paterson School District.  (SUF ¶¶ 25-26.)  Gomez has not effectively contradicted this evidence

8

to support her claim that she was effectively discharged on January 25, 2014.  Therefore, Gomez's arguments that ABM retaliated against her by terminating her based on (1) her October 2012 filing of a workers' compensation claim, and (2) her January 23, 2014 injury does not satisfy the requirement of "an unusually suggestive temporal proximity."  The period of time that passed between the filing of the workers' compensation claim and Gomez's termination is too long, without more evidence, to create an inference of causation and thus to defeat this summary judgment motion.  *See, e.g.*, *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) (holding that "a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.").

      As with Gomez's claim for disability discrimination, ABM has provided a legitimate reason for Gomez's termination—that all custodians working under the ABM contract in the Paterson School District were discharged on June 30, 2014, due to the non-renewal of ABM's contract with the Paterson School District.  Gomez has not submitted evidence such that a reasonable finder of fact could find a pretextual reason for Gomez's termination, given that all of her coworkers were terminated on the same day, at the end of ABM's contract with the Paterson School District.

      For these reasons, Gomez has failed to show that a reasonable finder of fact could find that ABM retaliated against her for filing her workers' compensation claim in 2012.  Therefore, the Court will enter judgment in favor of ABM on this claim.

    **IV.**    **CONCLUSION**

      For the foregoing reasons, the Court will grant ABM's motion for summary judgment. An appropriate Order will be filed herewith.

        s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 8, 2016